IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-75,914-01, -02, -03 & -04






EX PARTE RICARDO CAVAZOS, Applicant








ON APPLICATIONS FOR A WRIT OF HABEAS CORPUS


CAUSE NOS. 51,006-C, 51,007-C, 51,008-C & 51,009-C


IN THE 251ST DISTRICT COURT

FROM POTTER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for a writ of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of one count
of sexual assault, two counts of aggravated sexual assault, and one count of indecency with a child.
He was sentenced to imprisonment for twenty years on the sexual assault count, for life and sixty
years on the aggravated sexual assault counts, and for ten years on the indecency with a child count.
The Seventh Court of Appeals dismissed his appeals. Cavazos v. State, Nos. 07-10-00391-CR, 07-10-00392-CR, 07-10-00393-CR & 07-10-00394-CR (Tex. App.-Amarillo Oct. 6, 2010, no pet.).

 Applicant contends that he was denied his right to appeal. On June 22, 2011, we remanded
these applications and directed the trial court to make findings of fact and conclusions of law after
obtaining a response from trial counsel. On remand, after reviewing affidavits filed by trial counsel
and the prosecutor for the State, the trial court made findings and conclusions and recommended that
we grant Applicant out-of-time appeals. We believe that the trial court should make further findings. 

 Applicant has alleged facts that, if true, might entitle him to relief. Ex parte Axel, 757 S.W.2d
369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. As we held in Ex
parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate
forum for findings of fact. 

 The trial court shall make findings as to whether: (1) Applicant told or attempted to tell trial
counsel, within the period during which notices of appeal could have been timely filed, that he
wished to appeal his convictions; (2) Applicant in fact inquired about the status of his appeals in
2007; (1) and (3) trial counsel, based on his past practices, contacted Applicant to discuss the possibility
of filing appeals. The trial court shall also make any other findings that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues. 
The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of
the order granting the continuance shall be sent to this Court. A supplemental transcript containing
all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing
or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: November 9, 2011

Do not publish

1. Applicant alleges that in letters, dated March 5, 2007 and August 13, 2007 and addressed
to the trial court, he inquired about the status of his appeals.